JOHNSON, Chief Justice
would grant and assigns reasons.
pOn May 31, 2012, RAM Terminals, Inc. applied to the Louisiana Department of Environmental Quality (hereinafter “LDEQ”) in order to obtain a minor source air permit for a coal terminal that would emit air pollutants in the town of Ironton in Plaquemines Parish, Louisiana. After expedited review without an opportunity for public comment, LDEQ approved and issued the permit. The Plaintiffs, Christian Ministers Missionary Baptist Association of Plaquemines Parish, Inc., a group of local Christian ministers representing the residents of Ironton, filed a petition for judicial review asserting that the minor source air permit granted to RAM Terminals created unacceptable risks to the communities near the facility and posed dangers to the ecological needs of the central Barataría Basin and Louisiana’s disappearing coastal wetlands.
Because the petitioners here did not make a public comment pertaining to the pending permit application, they were not entitled to receive notice of the permit approval and therefore did not file a petition for judicial review within thirty days of when notice of approval was sent to the permit applicant pursuant to La. R.S. 30:2050.21 and La. R.S. 30:2022. It is on this basis that the plaintiffs’ claims were dismissed for lack of subject matter jurisdiction in the trial court.
|gLDEQ has a constitutional duty as a public trustee to provide environmental protection “insofar as possible and consistent with the health, safety and welfare of the people.” La. Const, art. IX § 1. While LDEQ regulations do not require that a public comment period be held on a draft permit for minor source air permits,[1] it is essentially the notice of a pending permit application that alerts the public to a proposed permit, and allows members of the public to voice their concerns to LDEQ. The statutory scheme crafted around the permit approval process for minor air source permits does not lend itself to public comment for those most adversely affected by decisions of the LDEQ.
Although the plaintiffs did not timely file a petition for judicial review according to *74 La. R.S. 30:2050.21, La. R.S. 30:2014.3(0 allows a party to raise new issues that were not submitted to LDEQ prior to its final permit decision if it can show good cause that it could not reasonably have ascertained the issues or made the evidence available within the applicable time period. I would therefore remand the case to the district court for a hearing on whether or not the plaintiffs here can show good cause as to why a petition for judicial review was not filed within thirty days of the notice of approval sent to the entity that applied for the permit. To allow LDEQ to unilaterally approve a permit without public comment and then deny the affected parties a right of judicial review is inconsistent with the purpose of the Environmental Quality Act. See La. R.S. 30:2001 et seq. The plain language of the Act gives such parties a right of appeal to challenge the final decision of LDEQ. See La. R.S. 30:2050.21.

. See LAC 33:111.519.